UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

DEC 0 9 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

WILLIAM WADE,
2514 Evarts St., NE,
Washington, D.C. 20002

    Plaintiff,

v.

DISTRICT OF COLUMBIA, et al,

    Defendants.

CASE NUMBER 1:05CV02366

JUDGE: Ellen Segal Huvelle

DECK TYPE: Civil Rights (non-employme

DATE STAMP: 12/09/2005

## NOTICE OF
## REMOVAL OF ACTION

COMES NOW, defendant District of Columbia, by and through counsel, Steven J. Anderson, and pursuant to 28 U.S.C. 1441(b) and 1446 notifies the Court of the removal of the above-captioned action filed in the Superior Court of the District of Columbia, Civil Action No. 95-5412 on July 10, 1995. Count V in plaintiff's complaint (Civil Rights Violation) alleges that defendant violated plaintiff's Federal rights. This Count brings action pursuant to 42 U.S.C. Sections 1983 (See attached complaint.).

The grounds for removal is that the complaint asserts, inter alia, causes of action "founded on a claim or right arising under the Constitution, treaties or laws of the United States" which are removable without regard to the citizenship or residence of the parties. See 28 U.S.C. § 1441(b). Specifically, Count V alleges violations of Federal law.

WHEREFORE, this action now pending in the Superior Court of the District of Columbia is properly removed to this court pursuant to 28 U.S.C. §1441(b) and 1446 and the Superior Court of the District of Columbia "shall proceed no further unless and until the case is remanded." 28 U.S.C. §1446(d).

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_____
HOLLY JOHNSON
Chief, General Litigation Section III

_____
STEVEN J. ANDERSON
Assistant Attorney General
Bar no. 334480
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202)
(202) 727-3625 (fax) 727-3625
E-mail: Steve.anderson@dc.gov

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, postage prepaid, to:

Steven R. Kiersh, Esq.
717 D Street NW Suite 400
Washington, D.C. 20004

on this ___9___ day of __Dec__, 2005.

_____
Steven J. Anderson
Assistant Attorney General

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

WILLIAM WADE )
2514 Evarts Street, NE )
Washington, D.C. )
)                                    **05-0008188**
)
    Plaintiff )
) CaseNo.:
)
)
vs. )
)
)
THE DISTRICT OF COLUMBIA, )
)
SERVE:   Hon. Anthony Williams, Mayor )
    The District Building )
    1350 Pennsylvania Ave, N.W. )
    Washington, D.C. 20004 )
)
    Robert Spagnoletti, Atty. General )
    Office of Atty. General for D.C. )
    441 4th Street, N.W. 6th Floor South )
    Washington, D.C. 20001 )
)
)
    and )
)
)
OFFICER KEVIN RAYNOR )
Metropolitan Police Department )
in both his official and individual capacities )
Sixth District Police Station )
Washington, D.C. )
)
)
    and )
)
OFFICER ANTONIO LONG )
Metropolitan Police Department )
in both his official and individual capacities )
Sixth District Police Station )
Washington, D.C. )
)
)
    and )
)
INVESTIGATOR JOSEPH GATLING )
Metropolitan Police Department )

RECEIVED
CIVIL CLERK'S OFFICE
OCT 1 2 2005
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

in both his official and individual capacities )
Sixth District Police Station )
Washington, D.C.
                Defendants.

## COMPLAINT
(Negligence-Police Brutality/Excessive Force,
Assault & Battery; Negligent Hiring; Training & Supervision;
Intentional Infliction of Emotional Distress;
Negligent Infliction of Emotional Distress)

### INTRODUCTION

1. This is an action brought that was originally filed in the United States District Court. It was voluntarily dismissed without prejudice to refile in this Court.

### JURISDICTION

2. Jurisdiction exists in this case as all of the acts complained of herein occurred in the District of Columbia. Jurisdiction is all invoked pursuant to pursuant to D.C. Code § 11-921 (1981).

3. The District of Columbia was given notice of this claim pursuant to D.C. Code § 12-309 (1981) on March 20, 2003.

### PARTIES

4. Plaintiff William Wade is a natural person and resident of the District of Colombia.

5. Defendant District of Columbia is a municipal corporation organized pursuant to the laws of the United States.

6. Defendant, Kevin Raynor, is a District of Columbia Police Officer who was at the time of the incident which gave rise to this action, a police officer employed by the District of Columbia. This defendant is being sued in his individual and official capacity.

2

At all time relevant herein, this defendant was acting within the course and scope of his employment with defendant District of Columbia.

7. Defendant, Antonio Long, is a District of Columbia Police Officer who was at the time of the incident which gave rise to this action, a police officer employed by the District of Columbia. This defendant is being sued in his individual and official capacity. At all time relevant herein, this defendant was acting within the course and scope of his employment with defendant District of Columbia.

8. Defendant, Joseph Gatling, is a District of Columbia Police Officer who was at the time of the incident which gave rise to this action, a police officer employed by the District of Columbia. This defendant is being sued in his individual and official capacity. At all time relevant herein, this defendant was acting within the course and scope of his employment with defendant District of Columbia.

## Statement of Facts

9. On or about October 31, 2002, plaintiff was in a motor vehicle at the intersection of 49th Place and Blaine Street, N.E, at approximately 8:15p.m. in the District of Columbia, N.W.

10. While he was at the above described location, William S. Wade was in the passenger seat. Defendant Gatling who had been conducting surveillance in the area, recognized plaintiff as someone wanted on a warrant for murder.
At that time, defendant Gatling, who had already called for backup, approached said vehicle with his weapon drawn. Shortly thereafter, the backup previously requested by defendant Gatling arrived in the form of defendants Raynor and Long.

3

11. Once Officers Raynor and Long arrived on the scene, shooting began. The police officer defendants began firing their weapons at said vehicle and at each other in a wild and undisciplined manner. When the smoke cleared, plaintiff had been shot in the body and seriously wounded.

12. At the time of the shooting, all three of the police officer defendants were in an on-duty status as Metropolitan Police officers.

13. At the time of the shooting, defendant Gatling failed to fully and properly identify himself as a police officer.

14. At the time that the police officer defendants began their reckless and unwarranted shooting spree plaintiff had committed no crime, had broken no law, nor was he at that time or any other time, threatening the lives of the defendant officers or any third party.

15. At all time relevant to this action, the defendant police officers were acting under color of law and within the scope of their employment as duly appointed police officers in the District of Columbia.

16. At all times relevant to this action, the District of Columbia had in effect and was responsible for the police and procedures followed by the defendant police officers in the action taken relating to plaintiffs decedent, and was further responsible for the hiring, training, supervision, monitoring, and disciplining of the officers involved.

## COUNT III
(Negligence-Excessive Force/Police Brutality)

17. Plaintiff incorporates by reference paragraphs 1 through 17 as if fully set forth herein.

4

18. At all times relevant herein, defendants had a duty to employ only reasonable measures in their treatment of plaintiff.

19. Notwithstanding said duties, defendant officers and defendants District of Columbia, through its employees and/or agents, wrongfully and unlawfully used excessive and unreasonable force on plaintiff, inasmuch as no force whatsoever was warranted under the circumstances.

20. Defendant District of Columbia, approved and/or condoned the intentional acts of Officers Raynor, Jones and Investigator Gatling, thus, any and all liability on the part of the defendant officers is imputed to defendant District of Columbia. In addition, each of the individual defendants were employed by the District of Columbia at the time of the shooting.

21. As a direct and proximate result of the negligence of defendants Raynor, Long and Gatling and defendant District of Columbia, plaintiff was shot and seriously wounded.

## COUNT IV
(Assault & Battery)

22. Plaintiff incorporates by reference, paragraphs 1 through 17, as if fully set forth herein.

23. Defendants without proper grounds, willfully and maliciously shot William Wade in the body. The wound suffered by plaintiff were inflicted while he was unarmed and presenting no immediate threat to anyone.

24. As a direct and proximate result of defendants' willful, malicious and intentional actions, William Wade suffered a serious wound.

WHEREFORE, the plaintiffs demand judgment against the defendants, jointly and severally, in the full and just amount of Two Million, Five Hundred Thousand Dollars ($2,500,000.00), plus interest and costs.

### COUNT V
(Negligent Hiring, Training and Supervision, 42 U.S.C. § 1983)

25. Plaintiff incorporated, by reference, paragraphs 1 through 17 as if fully set forth herein.

26. At all time relevant herein, the defendant officer was acting under the direction and control, and pursuant to the rules, regulation, policies and procedures, of defendant District of Columbia.

27. Defendant District of Columbia acted negligently, carelessly, recklessly and deliberately indifferent by failing to properly train, supervise, control direct and monitor the defendant officers in their duties and responsibilities.

28. As a direct and proximate result of the acts and omissions of defendant District of Columbia, William Wade was wrongfully and unlawfully shot in the body, causing him serious bodily injury and severe emotional distress

WHEREFORE, the plaintiff demands judgment against the defendant District of Columbia, in the full and just amount of One Million Dollars ($1,000,000.00), plus interest, and costs.

### COUNT VI
(Intentional Infliction of Emotional Distress)

29. Plaintiff adopts and incorporated the allegations of complaint paragraphs 1 through 17 as if fully set forth herein.

6

30. The defendants intentionally caused severe emotional distress to William Wade by their extremely reckless and indifferent conduct, including but not limited to engaging in a senseless gun battle among themselves which directly led to his serious bodily injury.

31. As a direct and proximate result of the defendants' extremely, reckless and indifferent conduct, William Wade suffered severe pain, emotional distress, mental anguish and death as a result of being shot while unarmed.

WHEREFORE, the plaintiff demands judgment against the defendants, jointly and severally, in the full and just amount of One Million, Dollars ($1,000,000.00), plus punitive damage to the extent allowed by law, interest, and costs.

### COUNT VII
(Negligent Infliction of Emotional Distress)

32. Plaintiff adopts and incorporates the allegation of complaints paragraphs 1 through 17 as if fully set forth herein.

34. The defendants negligently caused severe emotional distress to William Wade by their extremely negligent actions, including but not limited to engaging in a senseless gun battle among themselves which directly led to his being shot in the body.

35. As a direct and proximate result of the defendant's extremely, reckless and indifferent conduct, William Wade suffered severe pain, emotional distress, mental anguish and death as the result of being shot while unarmed.

WHEREFORE, the plaintiff demands judgment against the defendants, jointly and severely, in the full and just amount of One Million, Dollars ($1,000,000.00), plus punitive damage to the extent allowed by law, interest, and costs.

Respectfully submitted,

*[signature]*

Steven R. Kiersh #323329
717 D Street NW Suite 400
Washington, D.C. 20004
(202) 347-0200
Attorney for plaintiff

## Jury Demand

The plaintiff demands a trial by jury of six (6) on all issues so triable.

Respectfully submitted,

/s/ Steven R. Kiersh

Steven R. Kiersh #323329
717 D Street NW Suite 400
Washington, D.C. 20004
(202) 347-0200
Attorney for plaintiff

9